FILED

MAY 2 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LJUBICA RAJKOVIC, )
)
       Plaintiff, )
)
v. ) Civil Action No. 14-905
)
ERIC H. HOLDER, JR., *et al.*, )
)
       Defendants. )

### MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

According to plaintiff, defendants are responsible for allowing Milisa Petronijevic to enter the United States, to work at the Library of Congress, and to perpetrate crimes against plaintiff and her family. Compl. ¶¶ 4-7. For example, plaintiff alleges that Petronijevic is responsible for "serious deprivation of the plaintiff's and her family's rights," and for "killing members of the plaintiff's family and family acquaintances in the U.S.A." *Id.* ¶ 7. She further alleges that "[t]he F.B.I./CIA and other intelligence [and] private people and covert actions are under negotiations to become legal out of their illegal conception/against the law." *Id.* ¶ 9. In this action, "[t]he plaintiff is seeking civil liabilities she is entitled to recover under 18 U.S.C. § 2261(b)(1) and 50 U.S.C. § 1810." *Id.* ¶ 10.

It does not appear that the statutory provisions on which plaintiff relies apply to this case. The former provides that a person convicted of certain interstate domestic violence offenses "shall be . . . imprisoned for life or any term of years, if death of a victim results." 18 U.S.C. § 2261(b)(1). It is not clear that plaintiff has been the victim of domestic violence. Similarly, the latter pertains to damages for victims of certain forms of electronic surveillance, *see* 50 U.S.C. § 1810, and plaintiff does not allege that she has been subjected to such surveillance. Furthermore, the complaint fails to include a short and plain statement of plaintiff's entitlement to relief. In other words, plaintiff does not articulate a connection between the actions or omissions of the named defendants and the harms she has suffered at the hands of Petronijevic. As drafted, the complaint fails to comply with Rule 8(a), and it will be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Beryl A. Howell
United States District Judge    5/6/2014

2